## Leroy R. Parker, Appellee, v. Crane Company et al., on appeal of Crane Company, Appellant.

### Gen. No. 18,959. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 10, 1914. Modified in opinion filed March 14, 1914.

### Statement of the Case.

Action by Leroy R. Parker against Crane Company et al. to recover for personal injuries sustained by plaintiff resulting from the negligent driving of an automobile truck owned by defendant. The automobile truck ran into a street car, on the rear platform of which plaintiff was standing, the jolt causing his body to lose its balance and strike the controller or some other part of the car. From a judgment in favor of plaintiff for one thousand dollars, defendant Crane Company appeals.

ALDEN, LATHAM & YOUNG, for appellant.

HENRY R. RATHBONE and EPSTEIN & MARX, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1512*—*when remarks of court not error.* Remarks of court on cross-examination of plaintiff's expert witnesses in response to the insistence of defendant's counsel as to the propriety of questions asked, *held* not error where the remarks merely expressed the views upon what the court based its ruling,

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

and the only real question was as to the correctness of its rulings and not its reasons therefor.

2. EVIDENCE, § 436*—*sufficiency of hypothetical questions.* A party is not obliged in his hypothetical question to assume all the facts in evidence that may bear on the answer sought; the course is always open to the other party to supply, on cross-examination, an omission deemed material.

3. WITNESSES, § 210*—*when hypothetical questions do not invade province of jury.* Questions calling for answers upon a hypothetical state of facts and not for ultimate facts, *held* not to invade the province of the jury.

4. WITNESSES, § 218*—*when sustaining objection to question as submission to physical examination harmless.* In an action for personal injuries, where plaintiff was asked by defendant's counsel, "Will you submit to a physical examination of doctors that I select," and the plaintiff answered, "yes * * * if you can arrange it with the attorneys," action of court in sustaining an objection to a further question, "Regardless of what your attorneys say, will you or will you not submit to a physical examination," *held* harmless.

5. WITNESSES, § 220*—*when cross-examination of experts limited to inquiry on direct examination.* In an action for personal injuries, where one of plaintiff's attending physicians testified to objective symptoms found by him upon examination of plaintiff, counsel for defendant on cross-examination cannot obtain opinions as to the consequences of such symptoms if they were not inquired of on direct examination.

6. WITNESSES, § 226*—*when questions on cross-examination characterizing plaintiff's illness improper.* In an action for personal injuries, objection to a question asked by defendant's counsel on cross-examination of one of plaintiff's witnesses characterizing plaintiff's illness as a "fit," *held* properly sustained where there is nothing in the record to warrant such a characterization.

7. WITNESSES, § 183*—*sufficiency of answers.* In an action for personal injuries, certain lay witnesses testified to the general appearance of plaintiff after the accident. The defendant objected on the ground that they should be required to state his appearance as they observed it on each specific occasion. *Held* that the answers contained nothing the witnesses might not properly testify to, and did not preclude defendant from making a more specific inquiry.

8. WITNESSES, § 257*—*when variance in testimony not material for the purpose of impeachment.* In an action for personal injuries, a witness for plaintiff testified he "felt the jar" of the collision. On cross-examination he characterized it as a "slight jar." Later, when recalled for cross-examination for impeachment, he was asked if

he did not in a written statement call it "a very slight bump" and the court sustained an objection to the question and refused to receive the statement in evidence. *Held* that the statement presented no material contradiction of his previous testimony.

9. WITNESSES, § 210*—*when question improper as assuming facts.* It is not proper practice for an attorney under the guise of a question to assume as a fact in a case that which has no testimony to support it.